NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED WRIGHT, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-4851 (DMC) |
| CASTLE POINT MORTGAGE, FAMILY : | |
| ABSTRACT, INC. AND WELLS : | |
| FARGO HOME MORTGAGE, : | |
| : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon pro se Plaintiff Alfred Wright's ("Plaintiff") motion for the issuance of a preliminary injunction against Defendants Castle Point Mortgage, Family Abstract, Inc. and Wells Fargo Home Mortgage. No oral argument was heard pursuant to Rule 78. For the reasons set forth below, Plaintiff's motion is **denied.**

### I. BACKGROUND

Plaintiff requests the entry of a preliminary injunction enjoining the foreclosure on two investment properties. In his Complaint, Plaintiff alleges that Defendants were and are engaged in unfair, unlawful and deceptive business practices in soliciting, inducing and closing residential loan transactions in the State of New Jersey. (Orig. Comp. ¶1.) Plaintiff further alleges that Defendants were and are engaged in a persistent "bait and switch" scheme, where Defendants lured borrowers in with promises that their loans will have certain terms and conditions, and later

1

induced them to sign loan contracts with significantly less favorable terms and conditions. (Id. at ¶2.) Plaintiff alleges claims against Defendants for violation of three federal statutes, the Truth in Lending Act, 15 U.S.C. § 1601, the Fair Housing Act, 42 U.S.C. § 3601, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and several California statutes. (Id.)

In his memorandum in support his motion for preliminary injunction, Plaintiff states that on August 22, 2005, the Plaintiff entered into two refinance mortgage agreements with Defendant Castle Point Mortgage (CPM) for two investment rental properties. (Mem. in Supp. of Pl. Motion for A Prel. Inj. "Pl. Mem." at 5.) Plaintiff contends that upon receipt of the initial mortgage bills on September 22, 2005, Plaintiff became aware that Defendant CPM had altered the terms of the two mortgages without his consent or knowledge. (Id. at 5.) Plaintiff claims that he attempted to contact CPM about the discrepancy regarding the terms of the two loans, to no avail. (Id.) Plaintiff further states that after numerous unanswered telephone calls and unreturned messages, Plaintiff filed the Complaint in the instant action. (Id.)

Plaintiff claims that since the filing of his Complaint, two representatives of Defendant Wells Fargo Home Mortgage ("WFHM") visited the two investment properties on January 28, 2006, and told one of Plaintiff's tenants "you must get out within a couple of days, because Alfred Wright did not pay his mortgage and we are foreclosing." (Pl. Mem at 5.) Plaintiff contends that to date Plaintiff has made all mortgage payment to Defendant CPM in a timely fashion and also informed Defendant WFHM of these payments. (Id. at 6.) Furthermore, Plaintiff claims that he has continued to pay all real estate property taxes of which Defendants CPM and WFHM refused to pay in further violation of the original mortgage agreement. Id.

Plaintiff filed a Complaint in the instant action on October 4, 2005. Plaintiff filed an

Amended Complaint on December 14, 2005.  On December 30, 2005, Defendant Castle Point Mortgage filed an Answer to Plaintiff's Amended Complaint.  On January 30, 2006, Plaintiff filed the instant motion for preliminary injunction.  Defendants Castle Point Mortgage and Wells Fargo Home Mortgage have filed opposition to Plaintiff's motion.

## II. DISCUSSION

*Standard*

Injunctive relief is an extraordinary remedy that should be granted only in limited circumstances. AT& T Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-1427 (3d Cir.1994) (internal citations omitted).  A district court must weigh four factors in deciding whether to issue a preliminary injunction: 1) movant's reasonable probability of success on the merits; 2) potential that the movant will be irreparably injured by denial of the relief; 3) potential that granting preliminary relief will result in even greater harm to the nonmoving party; and 4) whether an injunction is in the public interest. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158-159 (3d Cir. 1999) (citations omitted).  The injunction should issue only if the movant produces evidence sufficient to convince the district court that all four factors favor preliminary relief. AT&T, 42 F.3d at 1427.

*Probability of Success on the Merits*

Petitioner argues that there is a substantial likelihood that he will succeed on the merits of his case.  He makes the following argument in support of his position: "Defendants have an undisputed history of violations of the Truth in Lending Act, 15 U.S.C. §§1601-1666i, and the Fair Housing Act" and "defendants have left behind a litany of evidence to verify their malicious

acts." (Mem. in Supp. of Pl. Motion for A Prel. Inj. at 7.)

The Court has reviewed Plaintiff's arguments in his moving papers and the claims alleged in his Complaint. Plaintiff has failed to present evidence sufficient to satisfy the Court of his likelihood of success on the merits. Rather, Plaintiff has provided the Court with a lengthy discussion of general predatory mortgage practices, and claims that he has somehow fallen victim to these practices. As such, and because the burden is upon Plaintiff to make this preliminary showing, the Court finds that this factor does not weigh in favor of granting injunctive relief.

*Potential Irreparable Injury*

Plaintiff argues that "his obligation under various contracts with tenants is subject to irreparable harm if an injunction is not instated." (Pl. Mem at 7.) In support of this argument, Plaintiff makes reference to various practices of what he labels "predatory and unscrupulous lenders." Id. However, Plaintiff has failed to present this Court with any evidence of actual threat of injury, and as such the Court finds Plaintiff has failed to satisfy the injury requirement.

*Potential Harm to Government and Public Interest*

Plaintiff does not address the third or fourth factors that a Court may consider in deciding a motion for preliminary injunction.

*Summary*

Plaintiff has failed to establish any of the required criteria for the issuance of a motion for preliminary injunction. As such, Plaintiff's motion must be denied.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion for preliminary injunction is **denied**.  An appropriate Order accompanies this Opinion.

Date:       April  19 , 2006                     S/   Dennis M. Cavanaugh
                                                 Dennis M. Cavanaugh, U.S.D.J.

Original:   Clerk's Office
cc:         All Counsel of Record
            File