NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED WRIGHT, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-4851 (DMC) |
| CASTLE POINT MORTGAGE, FAMILY : | |
| ABSTRACT, INC. AND WELLS : | |
| FARGO HOME MORTGAGE, et al. : | |
| : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Wells Fargo Home Mortgage to dismiss the Complaint filed against it by *pro se* Plaintiff Alfred Wright ("Plaintiff"). Because Defendants have presented to this Court matters outside the pleadings, the motion will be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties and for the following reasons, it is the finding of this Court that the Defendant's motion for summary judgment is **granted**.

## I. BACKGROUND

On October 4, 2005, Plaintiff filed a Complaint against Defendants Castle Point Mortgage and Family Abstract, Inc. Plaintiff filed an Amended Complaint on December 14, 2005, adding Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A. ("Wells

Fargo") as a defendant to this action. On April 26, 2006, this Court denied Plaintiff's motion for

a preliminary injunction against all Defendants. On February 17, 2006, Wells Fargo filed the

instant motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff

filed a brief in opposition on April 12, 2006, and Wells Fargo filed a reply brief on April 20,

2006.

In the Amended Complaint, Plaintiff alleges that Wells Fargo was and is engaged in

unfair, unlawful and deceptive business practices in soliciting, inducing and closing residential

loan transactions in the State of New Jersey. (Am. Comp. ¶1.) Plaintiff further alleges that

Defendant was engaged in a persistent "bait and switch" scheme, where Defendant lured

borrowers in with promises that their loans will have certain terms and conditions, and later

induced them to sign loan contracts with significantly less favorable terms and conditions. (Id. at

¶2.) Plaintiff alleges claims against Defendant for violation of three federal statutes, the Truth in

Lending Act, 15 U.S.C. § 1601, the Fair Housing Act, 42 U.S.C. § 3601, the Equal Credit

Opportunity Act, 15 U.S.C. § 1691, and several California statutes. (Id.)

Plaintiff alleges that he closed two investment property mortgages with the Defendants

(Defendants are referred to generally in the Am. Complaint) on or about August 24, 2005.

Plaintiff states that he agreed to and proceeded with two loans under the premises of a fixed 6.5%

interest loan over a thirty (30) year period. Upon receipt of the first payment notice on

September 22, 2005, Plaintiff claims that he realized for the first time that Defendants had

intentionally and improperly altered the terms of his two loans.

Wells Fargo has submitted the Affidavit of Brian Fricke as part of its motion. Mr. Fricke

avers that he has personal knowledge of the two residential real estate loans at issue in this case.

He states that Wells Fargo purchased the two loans through a purchase agreement with

Defendant Castle Point Mortgage on or about September 27, 2005.  It instituted foreclosure

proceedings on the loan because it was not receiving Plaintiff's mortgage payments.  On or about

February 2, 2006, Defendant Castle Point Mortgage repurchased the loans from Wells Fargo.

## II. <u>DISCUSSION</u>

### A.    <u>Standard of Review</u>

Summary judgment is granted only if all probative materials of record, viewed with all

inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material

fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); <u>Celotex</u>

<u>Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there

is no genuine issue of fact and it must prevail as a matter of law, or that the non-moving party has

not shown facts relating to an essential element of the issue for which he bears the burden.  <u>Celotex</u>,

477 U.S. at 331.  If either showing is made then the burden shifts to the non-moving party, who must

demonstrate facts which support each element for which he bears the burden and must establish the

existence of genuine issues of material fact. <u>Id</u>.  The non-moving party "may not rest upon the mere

allegations or denials of his pleading" to satisfy this burden, Fed.R.Civ.P. 56(e), but must produce

sufficient evidence to support a jury verdict in his favor. <u>Matsushita Electric Industrial Co. v. Zenith</u>

<u>Radio Corp.</u>, 475 U.S. 574 (1986).

When plaintiffs are pro se litigants, the Court has a special obligation to construe the

complaint liberally. <u>United States v. Miller</u>, 197 F.3d 644, 648 (3d Cir.1999).    Additionally,

although Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short

and plain statement of the claim showing that the pleader is entitled to relief,"Fed.R.Civ.P. 8(a), due

to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano, 75 F.R.D. 497 (1977).

## B. Truth in Lending Act

In Plaintiff's First Cause of Action, he alleges that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, and Federal Reserve Regulation Z, 12 C.F.R. § 226.1. (Am. Comp., First Cause of Action.)  Plaintiff claims that Defendant failed to provide him with material disclosures and with notices of right to cancel that were clear, conspicuous and reflective of the parties' legal obligations.  (Am. Comp. ¶94.)

The TILA, 15 U.S.C. §§ 1601 et seq., mandates the disclosure of certain information in financing agreements and enforces that mandate by "'a system of strict liability in favor of consumers who have secured financing when [the] standard[s][are] not met.' " Griggs v. Provident Consumer Disc. Co., 680 F.2d 927, 930 (3d Cir.1982) (quoting Thomka v. A.Z. Chevrolet, 619 F.2d 246, 248 (3d Cir.1980)). The TILA "was passed primarily to aid the unsophisticated consumer so that he would not be easily misled as to the total costs of financing." Thomka, 619 F.2d at 248. See also 15 U.S.C. § 1601(a).  The TILA achieves its goals by imposing strict liability on lenders. See 15 U.S.C. § 1640(a); see also Szczubelek v. Cendant Mortgage Corp., 215 F.R.D. 107, 127 (D.N.J. 2003).

It is undisputed that Wells Fargo did not originate the loans at issue, and therefore the Court will analyze Plaintiff's TILA claims against Wells Fargo pursuant to the standard applicable to assignees.  An assignee, unlike a creditor, may be found liable only in limited circumstances. See 15 U.S.C. § 1641(a); see also Jordan v. Chrysler Credit Corp., 73 F.Supp.2d 469, 473 (D.N.J.1999)

The TILA imposes assignee liability only if a violation is "apparent on the face of the disclosure statement." 15 U.S.C. § 1641; Ramadan v. Chase Manhattan Corp., 229 F.3d 194, 197 (3d Cir. 2000).  Pursuant to Section 1641(a): "a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter." 15 U.S.C. § 1641(a).  Regulation Z, 12 C.F.R. § 226.18 requires creditors to disclose the following:

(1) Identity of the creditor
(2) Amount financed
(3) Itemization of the amount financed;
(4) Finance charge;
(5) Annual percentage rate or variable rate;
(6) Payment schedule;
(7) Total of payments;
(8) Any demand feature;
(9) Prepayment penalty (if applicable);
(10) Late payment fees;
(11) Creditor's security interest;
(12) Insurance and debt cancellation fees;
(13) Certain security interest charges;
(14) Contract reference;

(15) Assumption policy;

(16) Required deposit (if applicable)

12 C.F.R. § 226.18.

Plaintiff does not identify in either his Amended Complaint or his Opposition to Defendant's motion which disclosures are lacking from the disclosure statements.  However, the Court has reviewed the copies of the Federal Truth in Lending Disclosure statements prepared by Defendant Castle Point Mortgage.  (<u>See</u> Walters Decl, Exs. C, D.)  It contains all of the disclosures required pursuant to 12 C.F.R. § 226.18.  As such, the Court finds that Plaintiff has failed to sufficiently allege a claim for liability pursuant to the TILA and Regulation Z, and those claims against Wells Fargo must be dismissed.

**C. <u>Fair Housing Act</u>**

Plaintiff's Second Cause of Action alleges that Defendant violated the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601 <u>et</u> <u>seq</u>. for a "willful and malicious pattern and practice of discrimination against him, on the basis of...race and/or gender in the terms of the loan contracts."  (Am. Comp. ¶104.)  The FHA provides:

> It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

42 U.S.C. § 3605(a).  To establish a violation of the Fair Housing Act, a plaintiff must show that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect, even absent evidence of a discriminatory motive.  <u>Eastampton Center,</u>

L.L.C. v. Township of Eastampton, 155 F.Supp.2d 102, 111 (D.N.J. 2001)(internal citations omitted.).

 Wells Fargo argues that Plaintiff can not state a claim for relief under the FHA because it did not originate the loans at issue. Rather, it argues that it only serviced the loans for five months and has no connection to any of the alleged discriminatory acts. This Court agrees that Plaintiff has failed to show that Wells Fargo was involved in any of the challenged actions. The undisputed material facts show that Wells Fargo purchased Plaintiff's loans from Castle Point Mortgage on September 27, 2005, around one month after the closing date. Because Plaintiff alleges discrimination in the terms of the loan contract, and Wells Fargo did not originate the loan, Plaintiff has failed to state a cause of action against Wells Fargo.

**D. Equal Credit Opportunity Act**

 Plaintiff's third cause of action against Wells Fargo alleges a violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq for a "willful and malicious pattern and practice of discrimination against him, on the basis of race, national origin, age and/or gender, in the terms and conditions of the loan contracts." (Am. Comp. ¶113.) Wells Fargo moves to dismiss this cause of action on the grounds that does not fit the definition of "creditor" pursuant to the ECOA.

 Section 1691(a)(1) makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction...on the basis of race, color, religion, national, origin, sex or marital status, or age provided the applicant has the capacity to contract." 15 U.S.C. § 1691(a)(1). A "creditor" is defined as "any person who regularly extends, renews, or

continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit. 15 U.S.C.A. § 1691a(e). Further, pursuant to Regulation B, 12 C.F.R. 202.2, "[c]reditor means a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit. The term creditor includes a creditor's assignee, transferee, or subrogee who so participates." 12 C.F.R. § 202.2 (l). However, a "person is not a creditor regarding any violation of the Act or this regulation committed by another creditor unless the person knew or had reasonable notice of the act, policy, or practice that constituted the violation before becoming involved in the credit transaction." Id.

Wells Fargo asserts that there are no allegations in Plaintiff's Amended Complaint that WFHM participated in the decision to extend credit pursuant to the two loans, pointing out that Wells Fargo was not the originator of the loans and merely serviced the loan for five months. As such, it claims to be exempt from the definition of creditor under the ECOA because it did not participate in any violation of the Act and lacked reasonable notice of any act that constituted a violation of the ECOA.

Plaintiff's Amended Complaint is void of any factual allegations as to Wells Fargo's direct involvement in a violation of the ECOA. Also, the record before the Court indicates that Wells Fargo was assigned the loan one month after it was originated with Defendant Castle Point Mortgage. Plaintiff has alleged no facts that would support an inference that Wells Fargo participated in or had knowledge of any alleged violation of the ECOA. Plaintiff has failed to state a cause of action against Wells Fargo under the ECOA.

**E. Violations of California Statutes**

Plaintiff's Fourth through Eighth Causes of Actions allege violations of various California statutes, including the Fair Employment and Housing Act, the Unruh Civil Rights Act, the Unfair Competition Act, False Advertising Act, and the Consumer Legal Remedies Act. Plaintiff has failed to plead any facts that would support the application of California statutes to this matter. Plaintiff contends in his Amended Complaint that he was a resident of New Jersey at all relevant times pertaining to this action, and that the Defendants are companies and/or corporations operating in the State of New Jersey.  Plaintiff's allegations center around loan transactions for real estate located in Vineland, New Jersey.  As such, Plaintiff's claims alleging violations of California law must be dismissed.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant Wells Fargo's  motion for summary judgment is granted.  An appropriate Order accompanies this Opinion.


_____
                                                            S/ Dennis M. Cavanaugh
                                                            Dennis M. Cavanaugh, U.S.D.J.


Date:         May 22, 2006
Original:     Clerk's Office
Cc:           All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File